FEB 10 2000

DOCKET NO. 1329

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REALNETWORKS, INC., PRIVACY LITIGATION

*Michael Lieschke, et al. v. RealNetworks, Inc.*, N.D. Illinois, C.A. No. 1:99-7274
*Todd Simon v. RealNetworks, Inc.*, N.D. Illinois, C.A. No. 1:99-7380
*Gavin Bell v. RealNetworks, Inc.*, E.D. New York, C.A. No. 1:99-7376
*David Keel, et al. v. RealNetworks, Inc.*, W.D. Washington, C.A. No. 2:99-1817
*Michael T. Lair v. RealNetworks, Inc.*, W.D. Washington, C.A. No. 2:99-1819

## BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE, AND JOHN F. KEENAN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation consists of the five above-captioned actions pending in the Northern District of Illinois, the Western District of Washington and the Eastern District of New York.[1] Plaintiffs in three actions now consolidated in the Western District of Washington move the Panel, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in that district, a forum also favored by plaintiff in the Eastern District of New York action.[2] Plaintiffs in the two actions, now consolidated, in the Northern District of Illinois agree that centralization is appropriate, but suggest transfer to that district. Defendant RealNetworks has requested that any 1407 centralization be deferred until a ruling is made on its motion to stay proceedings pending

---

[1] On November 16, 1999, Judge Charles P. Kocoras consolidated the two actions pending before him in the Northern District of Illinois, although both actions remain open. On December 16, 1999, Chief Judge John C. Coughenour consolidated three of the actions pending in the Western District of Washington. Two actions remain pending before him.

[2] An additional action pending in the Eastern District of Pennsylvania was included in the 1407 motion. By order dated January 10, 2000, Judge Clarence C. Newcomer granted plaintiffs' unopposed motion for voluntary dismissal.

In addition to the five actions before the Panel, defendant RealNetworks, Inc. (RealNetworks) has notified the Panel of one other federal court action filed in the Eastern District of New York. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

arbitration, which is currently pending in the Northern District of Illinois. If, however, the Panel decides to resolve plaintiffs' 1407 motion at this time, RealNetworks has no objection to the centralization of all actions, preferably in the Northern District of Illinois.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Common factual questions arise because all actions concern whether RealNetworks improperly used, sold, and/or monitored confidential information of persons using its software and whether RealNetworks misrepresented and/or failed to disclose its use of this information to such persons. Thus, centralization under Section 1407 is necessary in order to conserve the resources of the parties, their counsel and the judiciary; eliminate duplicative discovery; and prevent inconsistent pretrial rulings, particularly since plaintiffs in all actions seek to represent the same putative class of software users, although with slight variations in the class periods.

We are persuaded that the Northern District of Illinois is the appropriate transferee district for this nationwide litigation. We note that i) motions practice is proceeding apace in the actions already pending there; and ii) the geographic location of the Northern District of Illinois makes it a convenient forum for parties located throughout the United States.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles P. Kocoras for coordinated or consolidated pretrial proceedings with the above-captioned actions pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman